UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

LOUIS G. RASETTA and JOHN J. SHAUGHNESSY,
as they are TRUSTEES, INTERNATIONAL UNION
OF OPERATING ENGINEERS LOCAL 4 HEALTH
AND WELFARE, PENSION AND ANNUITY FUNDS,
and LOUIS G. RASETTA and CHRISTOPHER
BARLETTA, as they are TRUSTEES, HOISTING AND
PORTABLE ENGINEERS LOCAL 4 APPRENTICE
AND TRAINING FUNDS and INTERNATIONAL
UNION OF OPERATING ENGINEERS, LOCAL 4,
                                    Plaintiffs

vs.

RAINHA CONSTRUCTION CO., INC.,
                                    Defendant

and

AGOSTINI CONSTRUCTION CO., INC. and
BACON CONSTRUCTION CO., INC.,
                      Reach-and-Apply Defendants

C.A. No. 04-12322 REK

---

## AMENDED COMPLAINT

### NATURE OF ACTION

1.    This is an action brought pursuant to §§502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and 1145 and §301 of the Labor Management Relations Act, 29 U.S.C. §185 by employee benefit plans and a labor union to enforce the obligations to make contributions and pay interest due to such plans due under the terms of a collective bargaining agreement and the plans.

## JURISDICTION

2.      The Court has exclusive jurisdiction of this action pursuant to §502(a), (c) and (f) of ERISA, 29 U.S.C. §§1132(a), (e) and (f), without respect to the amount in controversy or the citizenship of the parties.

## PARTIES

3.      Plaintiffs Louis G. Rasetta and John J. Shaughnessy are Trustees of the International Union of Operating Engineers Local 4 Health and Welfare Fund. The International Union of Operating Engineers Local 4 Health and Welfare Fund is an "employee welfare benefit plan" within the meaning of §3(3) of ERISA, 29 U.S.C. §1002(3). The Fund is administered at 177 Bedford Street, Lexington, Massachusetts, within this judicial district.

4.      Plaintiffs Louis G. Rasetta and John J. Shaughnessy are Trustees of the International Union of Operating Engineers Local 4 Pension Fund. The International Union of Operating Engineers Local 4 Pension Fund is an "employee pension benefit plan" within the meaning of §3(2) of ERISA, 29 U.S.C. §1002(2)(A). The Fund is administered at 177 Bedford Street, Lexington, Massachusetts, within this judicial district.

5.      Plaintiffs Louis G. Rasetta and John J. Shaughnessy are Trustees of the International Union of Operating Engineers Local 4 Annuity Fund. The International Union of Operating Engineers Local 4 Annuity Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). The Fund is administered at 177 Bedford Street, Lexington, Massachusetts, within this judicial district.

6.      Plaintiffs Louis G. Rasetta and Christopher Barletta are Trustees of the Hoisting and Portable Engineers Local 4 Apprenticeship and Training Fund. The Hoisting and Portable Engineers Local 4 Apprenticeship and Training Fund is an "employee welfare benefit plan"

within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The Fund is administered at One Engineers Way, Canton, Massachusetts, within this judicial district.

7.     The Health and Welfare, Pension, Annuity, Apprenticeship and Training Funds are multi-employer plans within the meaning of §3(37) of ERISA, 29 U.S.C. §1002(37). They are hereinafter collectively referred to as "the Funds."

8.     The International Union of Operating Engineers Local 4 is a labor organization within the meaning of §301 of the LMRA, 29 U.S. C. §185. The Union is administered at 53 Trotter Drive, Medway, Massachusetts, within this judicial district.

9.     Defendant Rainha Construction Co., Inc. (hereinafter "Rainha" or "the Employer") is a Rhode Island corporation with a principal place of business at 10 Nate Whipple Highway, Cumberland, Rhode Island, and is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12).

10.     Reach-and-Apply Defendant Agostini Construction Co., Inc. (hereinafter "Agostini") is a Rhode Island corporation with a principal place of business at 243 Narragansett Park Drive, East Providence, Rhode Island. Upon information and belief, Rainha worked as a subcontractor to Agostini on the Center Elementary School and Dighton-Rehoboth High School projects that are the subject of this claim. The Funds have a legal or equitable interest in any payments due Rainha from Agostini for work conducted on these or any other projects.

11.     Reach-and-Apply Defendant Bacon Construction Co., Inc. (hereinafter "Bacon") is a Rhode Island corporation with a principal place of business at 241 Narragansett Park Drive, East Providence, Rhode Island. Upon information and belief, Rainha worked as a subcontractor to Bacon on the New Webster Middle School project that is the subject of this claim. The Funds

have a legal or equitable interest in any payments due Rainha from Bacon for work conducted on this or any other project.

## GENERAL ALLEGATIONS OF FACT

12.    On or about August 29, 2002, defendant Rainha agreed in writing to be bound to the terms of the Restated Agreements and Declarations of Trust establishing Plaintiff Funds, to the terms of collective bargaining agreements requiring contributions to Plaintiff Funds; and to any successor agreements. A copy of Rainha's signed agreement ("short form agreement") is attached hereto as Exhibit A.

13.    Because of the short form agreement, Rainha has been a party to successive collective bargaining agreements with the International Union of Operating Engineers Local 4, including the agreement which is effective from June, 1999 through May, 2005 ("the Agreement"). A copy of the relevant portions of this Agreement is attached hereto as Exhibit B.

14.    The Agreement requires Rainha to make contributions to Plaintiff Funds for each payroll hour for each person covered by the Agreement.

15.    Pursuant to the Agreement, employers are also obligated to deduct and remit a negotiated percentage of the gross wage package, before taxes, for union dues.

## COUNT I - VIOLATION OF ERISA - DELINQUENT CONTRIBUTIONS

16.    Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-15 supra.

17.    On or about September 10, 2004, the Funds audited the payroll records of Rainha and determined that Rainha owes the Funds $46,709.94 in fringe benefit contributions for the period May through August, 2004 for projects conducted at the Center Elementary School in

Mattapoisett, Massachusetts, the Dighton-Rehoboth High School in Dighton, Massachusetts, and the New Webster Middle School in Webster, Massachusetts.

18.    Further, the Funds determined that Rainha owes $1,226.59 in interest on the unpaid fringe benefit contributions for the period May through August, 2004.

19.    By letter dated September 17, 2004, the Funds' attorney sought payment of these delinquent contributions and interest. A copy of that letter is attached hereto as Exhibit C.

20.    The Funds' subsequently reviewed pay stubs submitted by employees on these projects for the relevant time period. As a result of this November, 2004 review, the Funds revised the amount in contributions owed to a new total of $28,752.13.

21.    To date, Rainha has failed to pay the Funds the $28,752.13 in contributions due for the period May through August, 2004. It has also failed to pay the interest and penalties owed.

22.    The failure of Rainha to make contributions on behalf of all covered employees as required by the terms of the Funds and the collective bargaining agreements violates §515 of ERISA, 29 U.S.C. §1145.

23.    Absent an order from this Court, the defendant will continue to refuse to pay the monies it owes to the Funds, as determined at the audit, and the Funds and their participants will be irreparably damaged.

24.    A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C. §1132(h).

## COUNT II - VIOLATION OF LMRA - DELINQUENT CONTRIBUTIONS AND INTEREST

25.    Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-24 supra.

26.    The failure of Rainha to make contributions on behalf of all covered employees and to pay interest as required by the terms of the collective bargaining agreement violates §301 of the Labor Management Relations Act, 29 U.S.C. §185.

## COUNT III - VIOLATION OF LMRA DUES

27.    Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-26 supra.

28.    Upon information and belief, Rainha deducted dues from its employees' paychecks and failed to remit them to the Union.

29.    The failure of Rainha to remit the dues it deducted from its employees' wages as required by the terms of the collective bargaining agreement violates §301 of the Labor Management Relations Act, 29 U.S.C. §185.

## COUNT IV - REACH-AND-APPLY AGAINST AGOSTINI CONSTRUCTION CO., INC.

30.    Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-29 supra.

31.    Upon information and belief, Rainha worked as a subcontractor to Agostini on the Center Elementary School and Dighton-Rehoboth High School projects that are the subject of this claim. Further, upon information and belief, Agostini is withholding payments for work done by Rainha on these projects. Upon information and belief, Agostini informed Rainha that it was withholding these payments for the express purpose of paying the contributions owed the

Funds by Rainha. The Funds have a legal or equitable interest in any payments due Rainha from Agostini for work conducted on these or any other projects.

32. Further, there is no known insurance available to satisfy the judgment the Funds will obtain against Rainha.

33. The funds held by Agostini cannot be attached or taken on execution except pursuant to G.L. c. 214, §3(6).

## COUNT V - REACH-AND-APPLY AGAINST BACON CONSTRUCTION CO., INC.

34. Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-33 supra.

35. Upon information and belief, Rainha worked as a subcontractor to Bacon on the New Webster Middle School project that is the subject of this claim. Further, upon information and belief, Bacon is withholding payments for work done by Rainha on this project. Upon information and belief, Bacon informed Rainha that it was withholding these payments for the express purpose of paying the contributions owed the Funds by Rainha. The Funds have a legal or equitable interest in any payments due Rainha from Bacon for work conducted on this or any other project.

36. Further, there is no known insurance available to satisfy the judgment the Funds will obtain against Rainha.

37. The funds held by Bacon cannot be attached or taken on execution except pursuant to G.L. c. 214, §3(6).

## RELIEF REQUESTED

WHEREFORE, Plaintiff Funds requests this Court to grant the following relief:

a.     Order the attachment of the machinery, inventory and accounts receivable of defendant Rainha;

b.     Enter a preliminary and permanent injunction enjoining Rainha from refusing or failing to make contributions and pay dues and interest to Plaintiff Funds;

c.     Enter judgment in favor of the Plaintiff Funds in the amount of $28,752.13 plus any additional amounts determined by the Court to be owed by Rainha or which may become due during the pendency of this action, together with interest on the unpaid contributions at the rate prescribed under §6621 of the Internal Revenue Code, liquidated damages in an amount equal to 20 percent of the total of unpaid contributions or the total interest owed, whichever is greater, reasonable attorneys' fees, and costs, all pursuant to 29 U.S.C. §1132(g)(2);

d.     Enter a temporary restraining order against Agostini and its agents, servants, employees, attorneys, and upon those persons in active participation or concert with them and those persons acting at their command who receive actual notices of this order by personal service or otherwise, and each and every one of them, from secreting, concealing, destroying, damaging, selling, transferring, pledging, encumbering, assigning, or in any way or manner disposing of or reducing the value of, or making any payment to Rainha on account of sums that are due or will hereafter become due Rainha from Agostini;

e.     After notice and a hearing, enter an Order containing prayer 'd' or entering prayer 'd' as a preliminary injunction;

f.     Enter a temporary restraining order against Bacon and its agents, servants, employees, attorneys, and upon those persons in active participation or concert with them and those persons acting at their command who receive actual notices of this order by personal service or otherwise, and each and every one of them, from secreting, concealing, destroying,

8

damaging, selling, transferring, pledging, encumbering, assigning, or in any way or manner disposing of or reducing the value of, or making any payment to Rainha on account of sums that are due or will hereafter become due Rainha from Bacon;

        g.     After notice and a hearing, enter an Order containing prayer 'f' or entering prayer 'f' as a preliminary injunction; and

        h.     Such further and other relief as this Court deem appropriate.

Respectfully submitted,

LOUIS G. RASETTA and JOHN J. SHAUGHNESSY, as they are TRUSTEES, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE FUND, et al,

By their attorneys,

Anne R. Sills, Esquire
BBO #546576
Gregory A. Geiman, Esquire
BBO #655207
Segal, Roitman & Coleman
11 Beacon Street
Suite #500
Boston, MA 02108
(617) 742-0208

Dated: March 16, 2005

ARS/ars&ts
3118 04-400/complt amend.doc