UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LOUIS G. RASETTA and JOHN J. SHAUGHNESSY,
as they are TRUSTEES, INTERNATIONAL UNION
OF OPERATING ENGINEERS LOCAL 4 HEALTH
AND WELFARE, PENSION AND ANNUITY FUNDS,
and LOUIS G. RASETTA and CHRISTOPHER
BARLETTA, as they are TRUSTEES, HOISTING AND
PORTABLE ENGINEERS LOCAL 4 APPRENTICE
AND TRAINING FUNDS and INTERNATIONAL
UNION OF OPERATING ENGINEERS, LOCAL 4,          C.A. No. 04-12322 REK
    Plaintiffs

vs.

RAINHA CONSTRUCTION CO., INC.
    Defendant

and

AGOSTINI CONSTRUCTION CO., INC. and
BACON CONSTRUCTION CO., INC.,
    Reach-and-Apply Defendants

### ANSWER ON BEHALF OF DEFENDANTS, AGOSTINI CONSTRUCTION CO., INC. AND BACON CONSTRUCTION CO., INC. TO PLAINTIFFS' AMENDED COMPLAINT

### Nature of Action

1.    Defendants neither admit nor deny the allegations contained in paragraph 1 of plaintiff's complaint and leave plaintiffs to their proof thereon.

### Jurisdiction

2.    Defendants neither admit nor deny the allegations contained in paragraph 2 of plaintiff's complaint and leave plaintiffs to their proof thereon.

### Parties

3.    Defendants neither admit nor deny the allegations contained in paragraph 3 of plaintiff's complaint and leave plaintiffs to their proof thereon.

4. Defendants neither admit nor deny the allegations contained in paragraph 4 of plaintiff's complaint and leave plaintiffs to their proof thereon.

5. Defendants neither admit nor deny the allegations contained in paragraph 5 of plaintiff's complaint and leave plaintiffs to their proof thereon.

6. Defendants neither admit nor deny the allegations contained in paragraph 6 of plaintiff's complaint and leave plaintiffs to their proof thereon.

7. Defendants neither admit nor deny the allegations contained in paragraph 7 of plaintiff's complaint and leave plaintiffs to their proof thereon.

8. Defendants neither admit nor deny the allegations contained in paragraph 8 of plaintiff's complaint and leave plaintiffs to their proof thereon.

9. Defendants neither admit nor deny the allegations contained in paragraph 9 of plaintiff's complaint and leave plaintiffs to their proof thereon.

10. Defendants admit the allegations contained in paragraph 10 except expressly deny the last sentence of paragraph 10 which states: "The Funds have a legal or equitable interest in any payments due Rainha from Agostini for work conducted on these or any other projects".

11. Defendants admit the allegations contained in paragraph 11 except expressly deny the last sentence of paragraph 11 which states: "The Funds have a legal or equitable interest in any payments due Rainha from Bacon for work conducted on these or any other projects".

### General Allegations of Fact

12. Defendants neither admit nor deny the allegations contained in paragraph 12 of plaintiff's complaint and leave plaintiffs to their proof thereon.

13. Defendants neither admit nor deny the allegations contained in paragraph 13 of plaintiff's complaint and leave plaintiffs to their proof thereon.

14. Defendants neither admit nor deny the allegations contained in paragraph 14 of plaintiff's complaint and leave plaintiffs to their proof thereon.

15. Defendants neither admit nor deny the allegations contained in paragraph 15 of plaintiff's complaint and leave plaintiffs to their proof thereon.

### Count I - Violation of ERISA - Delinquent Contributions

16. Defendants hereby reallege and reincorporate their answers to paragraphs 1 through 15 of plaintiff's complaint as if fully set forth herein.

17. Defendants neither admit nor deny the allegations contained in paragraph 17 of plaintiff's complaint and leave plaintiffs to their proof thereon.

18. Defendants neither admit nor deny the allegations contained in paragraph 18 of plaintiff's complaint and leave plaintiffs to their proof thereon.

19. Defendants neither admit nor deny the allegations contained in paragraph 19 of plaintiff's complaint and leave plaintiffs to their proof thereon.

20. Defendants neither admit nor deny the allegations contained in paragraph 20 of plaintiff's complaint and leave plaintiffs to their proof thereon.

21. Defendants neither admit nor deny the allegations contained in paragraph 21 of plaintiff's complaint and leave plaintiffs to their proof thereon.

22. Defendants neither admit nor deny the allegations contained in paragraph 22 of plaintiff's complaint and leave plaintiffs to their proof thereon.

23. Defendants neither admit nor deny the allegations contained in paragraph 23 of plaintiff's complaint and leave plaintiffs to their proof thereon.

24. Defendants neither admit nor deny the allegations contained in paragraph 24 of plaintiff's complaint and leave plaintiffs to their proof thereon.

### Count II - Violation of LMRA -
### Delinquent Contributions and Interest

25.     Defendants hereby reallege and reincorporate their answers to paragraphs 1 through 25 of plaintiff's complaint as if fully set forth herein.

26.     Defendants neither admit nor deny the allegations contained in paragraph 26 of plaintiff's complaint and leave plaintiffs to their proof thereon.

### Count III - Violation of LMRA Dues

27.     Defendants hereby reallege and reincorporate their answers to paragraphs 1 through 27 of plaintiff's complaint as if fully set forth herein.

28.     Defendants neither admit nor deny the allegations contained in paragraph 28 of plaintiff's complaint and leave plaintiffs to their proof thereon.

29.     Defendants neither admit nor deny the allegations contained in paragraph 29 of plaintiff's complaint and leave plaintiffs to their proof thereon.

### Count IV - Reach-And-Apply Against
### Agostini Construction Co., Inc.

30.     Defendants hereby reallege and reincorporate their answers to paragraphs 1 through 29 of plaintiff's complaint as if fully set forth herein.

31.     Defendants admit that Rainha worked as a subcontractor to Agostini on the projects known as Center Elementary School and Dighton-Rehoboth High School. Agostini further admits that it is withholding payments for work done by Rainha on these projects. Defendant Agostini expressly denies that it was withholding payments for the purpose of paying the contributions owed the Funds. Agostini further denies that the Funds have a legal or equitable interest in any payments due Rainha from Agostini for work conducted on these or any other projects. Agostini further states that any monies due Rainha are set off by default of Rainha on the projects and that Rainha owes

4

Agostini monies in relation to completion of Rainha's scope of work.

32. Defendants neither admit nor deny the allegations contained in paragraph 32 of plaintiff's complaint and leave plaintiffs to their proof thereon.

33. Defendants neither admit nor deny the allegations contained in paragraph 33 of plaintiff's complaint and leave plaintiffs to their proof thereon.

### Count V - Reach-And-Apply Against Bacon Construction Co., Inc.

34. Defendants hereby reallege and reincorporate their answers to paragraphs 1 through 33 of plaintiff's complaint as if fully set forth herein.

35. Defendants admit that Rainha worked as a subcontractor to Bacon on the project known as New Webster Middle School. Bacon further admits that it is withholding payments for work done by Rainha on these projects. Defendant Bacon expressly denies that it was withholding payments for the purpose of paying the contributions owed the Funds. Bacon further denies that the Funds have a legal or equitable interest in any payments due Rainha from Bacon for work conducted on these or any other projects. Agostini further states that any monies due Rainha are set off by default of Rainha on the projects and that Rainha owes Agostini monies in relation to completion of Rainha's scope of work.

36. Defendants neither admit nor deny the allegations contained in paragraph 36 of plaintiff's complaint and leave plaintiffs to their proof thereon.

37. Defendants neither admit nor deny the allegations contained in paragraph 37 of plaintiff's complaint and leave plaintiffs to their proof thereon.

WHEREFORE, Defendants, Agostini Construction Co., Inc. and Bacon Construction Co., Inc. pray that plaintiffs' complaint be dismissed with prejudice and defendants awarded their costs and further defendants demand that plaintiffs' prayers for relief be denied.

5

## First Affirmative Defense

Plaintiffs' complaint should be dismissed as it fails to state a claim as defendants, Agostini Construction, Inc. and Bacon Construction Co., Inc. have the contractual right to back charge against all monies being withheld under their subcontract agreements with Rainha Construction Co., Inc. dated July 23, 2002, March 12, 2003 and March 2, 2004 per the provisions of the subcontract agreements for Rainha Construction Co., Inc.'s breach of contract in failing to perform its contractual obligations. Plaintiff cannot reach and apply monies that do not belong to Rainha Construction Co., Inc. Plaintiff cannot interfere with these defendants contractual rights arising out of subcontract agreements.

## Second Affirmative Defense

Defendant Rainha has defaulted in its obligations to defendants Agostini Construction Co., Inc. and Bacon Construction Co., Inc. in relation to the various projects that are noted in plaintiffs' amended complaint

## Third Affirmative Defense

Defendants assert the right of set off against defendant Rainha Construction Co., Inc.

Defendants,
**Agostini Construction Co., Inc. and Bacon Construction Co., Inc.**
By Their Attorneys,

_____
Girard R. Visconti, Esq. (BBO# 510200)
**Visconti & Boren, Ltd.**
55 Dorrance Street
Providence, RI 02903
(401) 331-3800 (Telephone)
(401) 421-9302 (Facsimile)

6

## CERTIFICATION

I, the undersigned, do hereby certify that I mailed a true copy of the within Answer on this 14th day of April, 2005 to:

Gregory A. Geiman, Esq.
Segal, Roitman & Coleman
11 Beacon Street, Suite 500
Boston, MA 02108