UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LOUIS G. RASETTA and JOHN J. SHAUGHNESSY, as they are TRUSTEES, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE, PENSION AND ANNUITY FUNDS, and LOUIS G. RASETTA and CHRISTOPHER BARLETTA, as they are TRUSTEES, HOISTING AND PORTABLE ENGINEERS LOCAL 4 APPRENTICE AND TRAINING FUNDS and INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 4,<br>Plaintiffs<br><br>vs.<br><br>RAINHA CONSTRUCTION CO., INC.,<br>Defendant<br><br>and<br><br>AGOSTINI CONSTRUCTION CO., INC. and BACON CONSTRUCTION CO., INC.,<br>Reach-and-Apply Defendants | C.A. No. 04-12322 REK |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF
MOTION FOR ENTRY OF DEFAULT JUDGMENT**

This is an action brought to collect contributions due employee benefit funds under the terms of a collective bargaining agreement. Plaintiffs (hereinafter "the Funds") are employee benefit plans. Defendant Rainha Construction Co., Inc. (hereinafter "Rainha") is a Rhode Island corporation that has defaulted. This action has been brought pursuant to §502(a)(3) and §515 of the Employment Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1132(a)(3) and §1145 (hereinafter "ERISA").

The Court has exclusive jurisdiction of this action pursuant to §502(a), (3), and (f) of ERISA, 29 U.S.C. §1132(a), (d) and (f), without respect to the amount in controversy or the citizenship of the parties.

The Clerk, on or about November 2, 2005, issued a Notice of Default. At this juncture, Plaintiffs are before the Court on a Motion for Entry of Default Judgment. Plaintiffs now seek a judgment holding Defendant liable for $42,778.19 representing contributions owed to the Funds for the period from May through August, 2004, together with interest on the unpaid contributions, liquidated damages, and reasonable attorneys' fees and costs.

**FACTS**

On or about August 29, 2002, defendant Rainha agreed in writing to be bound to the terms of the Restated Agreements and Declarations of Trust establishing Plaintiff Funds, to the terms of collective bargaining agreements requiring contributions to Plaintiff Funds; and to any successor agreements. See Affidavit of James Bucci ("Bucci Aff."), par. 2. A copy of Rainha's signed agreement ("short form agreement") is attached to the Amended Complaint as Exhibit A. Because of the short form agreement, Rainha has been a party to successive collective bargaining agreements with the International Union of Operating Engineers Local 4, including the agreement which was effective from June, 1999 through May, 2005 ("the Agreement"). Bucci Aff., par. 3. A copy of the relevant portions of this Agreement is attached to the Amended Complaint as Exhibit B. The Agreement requires Rainha to make contributions to Plaintiff Funds for each payroll hour for each person covered by the Agreement. Bucci Aff., par. 4. Pursuant to the Agreement, employers are also obligated to deduct and remit a negotiated percentage of the gross wage package, before taxes, for union dues. Bucci Aff., par. 5.

On or about September 10, 2004, the Funds audited the payroll records of Rainha and determined that Rainha owes the Funds $46,709.94 in fringe benefit contributions for the period May through August, 2004 for projects conducted at the Center Elementary School in Mattapoisett, Massachusetts, the Dighton-Rehoboth High School in Dighton, Massachusetts, and the New Webster Middle School in Webster, Massachusetts. Bucci Aff., par. 6. By letter dated September 17, 2004, the Funds' attorney sought payment of these delinquent contributions and interest. Bucci Aff., par. 7. A copy of that letter is attached to the Amended Complaint as Exhibit C. The Funds' subsequently reviewed pay stubs submitted by employees on these projects for the relevant time period. As a result of this review, the Funds revised the amount in contributions owed to a new total of $27,677.47. Bucci Aff., par. 8.

## ARGUMENT

Judgment by default should enter where the plaintiff's claim is for a sum certain, the party against whom judgment is sought has been defaulted for failure to appear, and the party is not an infant or incompetent person. Rule 55(b)(1), Fed.R.Civ.P.

In the instant case, default judgment should enter as a matter of law. First, Plaintiffs' claim is for a sum certain. Plaintiffs have ascertained via an audit of Rainha's payroll records and a subsequent review of pay stubs that Rainha owes the Funds $27,677.47 in unpaid benefit fund contributions due under the Agreement for the period from May through August, 2004. Bucci Aff., par. 8. Further, prejudgment interest on the unpaid contributions is mandated by ERISA, 29 U.S.C. §1132(g)(2)(B). As such, the Funds have ascertained that, pursuant to the terms of the Agreement, Rainha would owe $4,487.34 in interest on the unpaid contributions if all contributions were paid by the end of November, 2005. Bucci Aff., par. 9.

Liquidated damages are also mandated by ERISA, either as set forth in the plan, in an amount not in excess of 20 percent of the unpaid contributions (or such higher percentage as may be permitted under Federal or state law), or in an amount equal to interest on the unpaid contributions, whichever is greater. 29 U.S.C. §1132 (g)(2)(C)(i) and (ii). In the instant case, because the Agreement does not provide for liquidated damages, Rainha owes as liquidated damages an additional amount equal to the interest on the unpaid contribution. This would mean that Rainha owes an additional $4,487.34 as liquidated damages.

Finally, attorneys' fees and costs are also mandated by ERISA. 29 U.S.C. §1132(g)(2)(D). Attorneys' fees and costs of this action are $6,126.04. See Affidavit of Anne R. Sills. These figures demonstrate that Plaintiffs' claim is for a sum certain.

Finally, Defendant is neither an infant nor incompetent person. Defendant is also not in the military service. See Affidavit of Gina Alongi.

## CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully submit that this Motion for Default Judgment be granted, and that judgment enter against Defendant Rainha in the amount of $42,778.19, representing unpaid contributions for the period from May through August, 2004, interest on the unpaid contributions, liquidated damages, and reasonable attorneys' fees and costs.

Respectfully submitted,

LOUIS G. RASETTA and JOHN J. SHAUGHNESSY, as they are TRUSTEES, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE FUND, et al,

By their attorneys,

4

        /s/ Gregory A. Geiman
Anne R. Sills, Esquire
BBO #546576
Gregory A. Geiman, Esquire
BBO #655207
Segal, Roitman & Coleman
11 Beacon Street
Suite #500
Boston, MA  02108
(617) 742-0208

Dated:  November 29, 2005

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing Memorandum in Support of Motion for Entry of Default Judgment has been served by certified and first class mail upon defendant Rainha Construction Co., Inc. at 10 Nate Whipple Highway, Cumberland, RI  02861 and by first class mail upon reach-and-apply defendants Agostini Construction Co., Inc. and Bacon Construction Co., Inc. at the office of their attorney Girard Visconti, Esquire, Visconti & Boren, Ltd., 55 Dorrance Street, Providence, RI  02903 this 29th day of November, 2005.

        /s/ Gregory A. Geiman
Gregory A. Geiman, Esquire

GAG/gag&ts
ARS 3118 04-400/memosupmot-dj.doc