UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LOUIS G. RASETTA and JOHN J. SHAUGHNESSY, as they are TRUSTEES, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE, PENSION AND ANNUITY FUNDS, and LOUIS G. RASETTA and CHRISTOPHER BARLETTA, as they are TRUSTEES, HOISTING AND PORTABLE ENGINEERS LOCAL 4 APPRENTICE AND TRAINING FUNDS and INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 4,<br>                     Plaintiffs<br><br>vs.<br><br>RAINHA CONSTRUCTION CO., INC.,<br>                     Defendant<br><br>and<br><br>AGOSTINI CONSTRUCTION CO., INC. and BACON CONSTRUCTION CO., INC.,<br>                     Reach-and-Apply Defendants | C.A. No. 04-12322 REK |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO ADD DEFENDANT**

Pursuant to Rule 21, Fed. R. Civ. P., Plaintiffs hereby move this honorable Court to join JR Enterprises Corp. ("JR") as a defendant and to direct service of process upon it. Rule 21 provides, in relevant part, that parties may be added by order of this Court on motion of any party at any stage of the action and on such terms as are just.

I.   **ADDITION OF JR ENTERPRISES CORP. AS A DEFENDANT**

Plaintiffs move to add JR as a defendant pursuant to Rule 20, Fed. R. Civ. P., which states, in relevant part, that "[a]ll persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or

arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a).

JR, which is not signatory to a collective bargaining agreement with the Union, is, upon information and belief, an alter ego of named defendant – and signatory employer – Rainha Construction Co., Inc ("Rainha").  In Green Constr. Co. v. Kansas Power and Light Co., et al., the court found it appropriate to permit joinder of a defendant alleged to be an alter ego of a defendant already in the case.  1989 WL 117440 at *1 (D. Kan. Sept. 11, 1989).  The court stated that it was not making a finding as to whether the proposed defendant was an alter ego of the named defendant; rather, it was simply holding that the plaintiffs should be allowed to pursue the claim pursuant to Rule 20(a).  See also EZ-Tixz, Inc. v. Hit-Tix, Inc., 1994 WL 23089 at *1 (S.D.N.Y. 1994) (same); Gidwitz v. Stirico, Inc., 646 F.Supp. 825, 830-31 (N.D. Ill. 1986) (court concludes that party to be added is alter ego of named defendant and allows joinder).

According to Massachusetts Carpenters Central Collection Agency v. Belmont Concrete Construction, et al., in determining whether a nonsignatory employer is an alter ego of a signatory, the following factors are among those considered:  continuity of ownership and similarity of the two companies in relation to management, business purpose, operation, equipment, customers, supervision, and anti-union animus.  139 F.3d 304, 307 (1st Cir. 1998). Anti-union animus means that the alleged alter ego was created and maintained in order to avoid labor obligations.  NLRB v. Hospital San Rafael, Inc., 42 F.3d 45, 50 (1st Cir. 1994).  No single factor of those listed above is controlling, and all factors need not be present to support a finding that two companies are alter egos.  Id. at 307.

This Court has previously stated as follows: "The alter ego doctrine is meant to prevent employers from evading their obligations under labor laws and collective bargaining agreements through the device of making 'a mere technical change in the structure or identity of the employing entity . . . without any substantial change in its ownership or management.'" Massachusetts Carpenters Central Collection Agency v. A.A. Building Erectors, Inc., 208 F.Supp.2d 94, 97 (D.Mass. 2002) *citing* NLRB v. Hospital San Rafael, Inc., 42 F.3d at 51 *quoting* Howard Johnson Co. v. Hotel Employees, 417 U.S. 249, 259-61 (1974). A finding that two employers are alter egos will bind the nonsignatory employer to a collective bargaining agreement between the union and the signatory employer. Id. at 98.

In the matter at hand, the facts demonstrate that Rainha and JR constitute alter egos, and thus, they should be held jointly and severally liable for the contributions owed the Plaintiffs. Rainha has been a party to successive collective bargaining agreements with the International Union of Operating Engineers Local 4, including the agreement which was effective from June, 1999 through May, 2005 ("the Agreement"). See Affidavit of James Bucci ("Bucci Aff."), par. 2. The Agreement requires Rainha to make contributions to the Funds for each payroll hour for each person covered by the Agreement. Bucci Aff., par. 3. Further, pursuant to the Agreement, employers are obligated to deduct and remit a negotiated percentage of the gross wage package, before taxes, for union dues. Id. After an audit and a subsequent review of pay stubs submitted by employees, the Funds discovered that Rainha owed $27,677.47 in delinquent fringe benefit contributions for work done between May and August, 2004. Bucci Aff., par. 4.

By letter dated September 17, 2004, the Funds' attorney sought payment of these delinquent contributions and interest. Bucci Aff., par. 5. The letter, a copy of which is attached to the first Amended Complaint as Exhibit C, stated that failure to pay the contributions owed would result in litigation. Id. Thereafter, on November 1, 2004, the Funds filed the instant suit. Just over two weeks later – on November 16, 2004 – the alleged alter ego company, JR, was incorporated in Rhode Island. See Rhode Island Corporation Search, available at http://www2.corps.state.ri.us (December 16, 2005), a copy of which is attached hereto as Exhibit A. Further, according to the corporate records of the Secretary of the Commonwealth of Massachusetts, Rainha withdrew from its registration as a foreign corporation in Massachusetts on February 4, 2005. See Secretary of Commonwealth Corporation Search, available at http://corp.sec.state.ma.us (December 13, 2005), a copy of which is attached hereto as Exhibit B. All of the jobs for which Rainha owes contributions to the Funds took place in Massachusetts. As such, the circumstances of the formation of JR demonstrate anti-union animus; namely, there was an improper avoidance of Rainha's obligation under the Agreement to pay fringe benefit contributions owed for its Operators.

Further, Rainha and JR demonstrate a continuity of ownership and a similarity in relation to management, as John Rainha is listed as the president and resident agent of each corporation. See Exhibit A; see also Rhode Island Corporation Search, available at http://www2.corps.state.ri.us (December 16, 2002), a copy of which is attached hereto as Exhibit C. There is also a similarity between the two companies with relation to their business operations. The Rhode Island Secretary of State's corporate records list Rainha and JR

4

as each having a business address of 10 Nate Whipple Highway, Cumberland, Rhode Island and a business telephone number of (401) 658-1661.  Id.  Finally, the two corporations share a similar business purpose.  The stated business purpose of Rainha is "To engage in general construction and repair, site work, excavation, utility installation."  The stated business purpose of JR is "To engage in general construction and repair."  Id.

As a result of Rainha's deceit in creating JR to avoid its obligations under the Agreement, the Funds have been harmed in that they continue to be owed $27,677.47 in contributions due for the period May through August, 2004.  As the alter ego or successor of Rainha, JR is bound to the terms of the Agreement and is jointly and severally liable for all amounts owed by Rainha under the terms of the Agreement.

## II.     CONCLUSION

Plaintiffs have established facts tending to show that JR is the alter ego of Rainha.  As such, Plaintiffs should be allowed to pursue this claim against JR.  Further, the claim against JR arises out of the same transaction as does the claim against Rainha – namely, the failure to pay contributions owed the Funds.  There are common issues of law and fact since, under the alter ego theory, JR can only be liable if Rainha is liable.  See EZ-Tixz, Inc., 1994 WL 23089 at *1.  As such, JR should be added as a defendant pursuant to Rule 20(a).

    Respectfully submitted,

    LOUIS G. RASETTA and JOHN J.
    SHAUGHNESSY, as they are TRUSTEES,
    INTERNATIONAL UNION OF
    OPERATING ENGINEERS LOCAL 4
    HEALTH AND WELFARE FUND, et al,

    By their attorneys,

    /s/ Gregory A. Geiman
    Anne R. Sills, Esquire

        BBO #546576
        Gregory A. Geiman, Esquire
        BBO #655207
        Segal, Roitman & Coleman
        11 Beacon Street
        Suite #500
        Boston, MA  02108
        (617) 742-0208

Dated:  December 19, 2005

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been served by first class mail upon defendant Rainha Construction Co., Inc. at 10 Nate Whipple Highway, Cumberland, RI  02861 this 19th day of December, 2005.

        /s/ Gregory A. Geiman
        Gregory A. Geiman, Esquire

GAG/gag&ts
ARS 3118 03-125/memo-suppaddparties.doc