UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                    )
                                                    )
LOUIS G. RASETTA and JOHN J.                        )
SHAUGHNESSY, as TRUSTEES,                           )
INTERNATIONAL UNION OF OPERATING                    )
ENGINEERS LOCAL 4 HEALTH AND                        )
WELFARE, PENSION, AND ANNUITY                       )
FUNDS, and LOUIS G. RASETTA and                     )
CHRISTOPHER BARLETTA, as TRUSTEES,                  )
HOISTING AND PORTABLE ENGINEERS                     )
LOCAL 4 APPRENTICE AND TRAINING                     )    CIVIL ACTION
FUNDS and INTERNATIONAL UNION OF                    )    NO. 04-12322-REK
OPERATING ENGINEERS, LOCAL 4,                       )
       Plaintiffs                                   )
                                                    )
       v.                                           )
                                                    )
RAINHA CONSTRUCTION CO., INC.,                      )
       Defendant                                    )
                                                    )
_____ )

**Memorandum and Order**
February 1, 2006

### I.  Pending Matters

Pending for decision are matters related to the following filings:

(1) Plaintiffs' Motion for Entry of Default Judgment Against Rainha Construction Co., Inc. (Docket No. 14, filed November 29, 2005);

(2) Plaintiffs' Motion to Add Defendant (Docket No. 20, filed December 19, 2005); and

(3) Plaintiffs' Motion for Leave to File a Second Amended Complaint (Docket No. 25, filed January 6, 2006).

## II. Factual and Procedural Background

This is an action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., and the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 141 et seq. Plaintiffs bring this action as trustees of employee benefit plans ("Funds") and a labor union ("Union"). Plaintiffs allege that defendant Rainha Construction Co., Inc. ("Rainha") worked as a subcontractor to both reach-and-apply defendants, Agostini Construction Co., Inc. ("Agostini") and Bacon Construction Co., Inc. ("Bacon"). Plaintiffs allege that Rainha signed an agreement effective June 1999 through May 2005 ("Agreement") that, among other obligations, required contributions to the Funds for each payroll hour for each person covered by the Agreement. Plaintiffs contend that Rainha failed to make the required contributions.

Plaintiffs filed this action on November 2, 2004. (Docket No. 1.) In their amended complaint, filed March 17, 2005, plaintiffs raise five counts: (i) Rainha's failure to make contributions and to pay interest in violation of § 515 of ERISA, 29 U.S.C. § 1145; (ii) Rainha's failure to make contributions and to pay interest in violation of § 301 of the LMRA, 29 U.S.C. § 185; (iii) Rainha's failure to remit the union dues it deducted from its employees' paychecks to the Union in violation of § 301 of the LMRA, 29 U.S.C. § 185; (iv) Agostini's reach-and-apply liability for any payments due to Rainha; and (v) Bacon's reach-and-apply liability for any payments due to Rainha.

On April 18, 2005, Agostini and Bacon filed their answer. (Docket No. 9.) On May 5, 2005, plaintiffs, along with Agostini and Bacon, filed a stipulation in which they agreed that Agostini and Bacon would not make any payment to Rainha on account of sums due before

2

or during the duration of the litigation. (Docket No. 10.) Plaintiffs, Agostini, and Bacon filed a stipulation of dismissal on December 19, 2005. (Docket No. 23.) Agostini and Bacon were terminated as parties on the same day.

On May 11, 2005, plaintiffs filed a request to enter the default of Rainha. (Docket No. 11.) The court did so on November 2, 2005. (Docket No. 12.) On November 29, 2005, plaintiffs filed their motion for entry of default judgment against Rainha. (Docket No. 14.) On December 19, 2005, plaintiffs filed a motion to add JR Enterprises Corp. ("JR") as a defendant. (Docket No. 20.) On January 6, 2006, plaintiffs filed a motion for leave to file a second amended complaint. (Docket No. 25.) No timely responses have been filed to any of the motions pending before me.

### III. Analysis

**A. Motion for Entry of Default Judgment**

Plaintiffs move pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure for a default judgment against plaintiff in the amount of $42,778.19. This amount reflects the sum of (i) principal owed to the Funds through August 2004; (ii) prejudgment interest on the unpaid contributions; (iii) liquidated damages; (iv) attorneys' fees; and (v) costs.

Rule 55(a) of the Federal Rules of Civil Procedure permits the court to enter a party's default when the "party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise." Fed. R. Civ. P. 55(a). Rule 55(b)(1) provides that "[w]hen the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter

judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person." Fed. R. Civ. P. 55(b)(1). This court has already entered the default of Rainha, and plaintiffs have provided an affidavit attesting that Rainha is not an infant or an incompetent person or in the military (see Docket No. 16), so the only question that remains is whether plaintiffs have shown that their claim against Rainha is for a sum that can be made certain.

>Section 502 of ERISA provides in relevant part:
>
>In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce [29 U.S.C. § 1145] in which a judgment in favor of the plan is awarded, the court shall award the plan –
>(A) the unpaid contributions,
>(B) interest on the unpaid contributions,
>(C) an amount equal to the greater of –
>(i) interest on the unpaid contributions, or
>(ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>(E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2). I will address each of the five awards mandated by § 502 of ERISA.

The first award is the total of unpaid contributions owed by Rainha to the Funds. Plaintiffs have submitted an affidavit from James Bucci, Field Agent for the Funds, in which Mr. Bucci attests to calculating the contributions owed by Rainha to the Funds through August 2004. Mr. Bucci states that this amount, reduced from an earlier calculation in September 2004, is $27,677.47. (Docket No. 17 at 2.)

The second award is the interest on the unpaid principal. Pursuant to the terms of the Agreement, Mr. Bucci calculates that the interest Rainha owes on this principal for the period

from September 2004 through November 2005 is $4,487.34.  (Docket No. 17 at 3.)

The third award is liquidated damages.  Section 502 of ERISA defines liquidated damages as the greater of (i) an amount equal to the interest owed on the unpaid contributions, or (ii) an amount set forth in the plan that is not to exceed twenty percent of the unpaid contributions, unless a higher percentage is permitted under federal or state law.  Since the Agreement does not provide for liquidated damages, the damages to be awarded pursuant to 29 U.S.C. § 1132(g)(2)(C)(i) are an amount equal to the interest Rainha owes on the unpaid contributions.  This amount, according to Mr. Bucci, is $4,487.34.

The fourth award is reasonable attorneys' fees and costs.  The First Circuit assesses the following five factors when determining an award of fees under ERISA: (i) the degree of bad faith or culpability of the losing party; (ii) the ability of this party to pay the fees; (iii) the deterrent effect of a fee award; (iv) the amount of benefit the action confers on members of the pension plan; and (v) the relative merits of the parties' positions.  Gray v. New England Telephone & Telegraph Co., 792 F.2d 251, 257-58 (1st Cir. 1986).  This five-part test is meant to provide general guidelines for the district court judge's exercise of discretion.  See id. at 258 (stating that five-part test "is not a rigid test").  Plaintiffs have submitted an affidavit from Anne R. Sills, an attorney with the law firm representing plaintiffs.  Ms. Sills states that the firm has incurred attorneys' fees of $5,368.00 and costs of $758.04.  Given the Gray factors, all of which favor an award of attorneys' fees in light of Rainha's failure to defend, these fees and costs seem reasonable.  Cf. Gallagher v. Park West Bank & Trust Co., 11 F.Supp.2d 136, 141 (D. Mass. 1998) (finding $14,816.25 in attorneys' fees to be reasonable in a counterclaim for an ERISA violation).

The fifth and final award is any other relief the court deems appropriate. Plaintiffs have not requested any further relief, and I do not see the need for any. I therefore award plaintiffs the requested $42,778.19, plus statutory interest. This interest is to be calculated according to Section 1961(a) of Title 28 of the United States Code, which provides that the interest on a money judgment in a civil case "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a).

**B. Motion to Add Defendant**

Plaintiffs move pursuant to Rule 21 of the Federal Rules of Civil Procedure to join JR as a defendant and to direct service of process upon it. Rule 21 provides in relevant part that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the claim and on such terms as are just." Fed. R. Civ. P. 21. Rule 20, which addresses permissive joinder of parties, provides in relevant part:

> All persons...may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a). Plaintiffs assert that joinder of JR is proper because JR is an alter ego of Rainha. In deciding whether to consider an affiliated company to be an alter ego, the First Circuit has said that the alter ego doctrine is only to be employed in labor law cases "when the corporate shield, if respected, would inequitably prevent a party from receiving what is otherwise due and

6

owing from the person or persons who have created the shield." Mass. Carpenters Cent. Collection Agency v. A.A. Building Erectors, Inc., 343 F.3d 18, 21-22 (1st Cir. 2003). In A.A. Building Erectors, the court looked to two factors to determine if such inequity would occur: (i) whether there was deceit by either of the companies toward the accusing party, and (ii) whether the relationship between the companies had changed. See id. at 21-22 (focusing on these two factors rather than criteria such as continuity of ownership and management overlap when applying the alter ego doctrine to a labor law case).

Plaintiffs provide documentation showing that (i) JR was incorporated only two weeks after they filed this suit against Rainha; (ii) Rainha withdrew from its registration as a foreign corporation in Massachusetts only three months after JR's incorporation; and (iii) the two corporations share a business address, business telephone, and business purpose. Other courts addressing this issue have held that joinder of a corporation alleged to be an alter ego of a named party does not require the court to determine whether the party to be added is the alter ego, but rather whether the moving party should be allowed to pursue this question. See, e.g., Green Construction Co. v. Kansas Power and Light Company, Civ. A. No. 87-2070-S, 1989 WL 117440, at *1 (D. Kan. Sept. 11, 1989) (allowing the joinder of Green Holdings and stating that "[t]he court, however, is not making a finding that [plaintiff] is the alter ego of Green Holdings, but simply that [defendant] should be allowed to pursue such a claim"). The Supreme Court's liberal interpretation of Rule 20(a) also suggests that joinder need not only be limited to a corporation that can be proven without question to be the alter ego of a named party. See United Mine Workers of America v. Gibbs, 383 U.S. 715, 724 (1966) (stating that "[u]nder the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to

the parties; joinder of claims, parties and remedies is strongly encouraged"). I therefore hold that plaintiffs should be permitted to pursue the question of whether JR would be liable for Rainha's failure to pay the contributions on which I have ordered a default judgment. I allow plaintiffs to join JR as a defendant and order them to serve process upon JR.

**C. Motion for Leave to File a Second Amended Complaint**

Plaintiffs move pursuant to Rule 15(a) of the Federal Rules of Civil Procedure to file a second amended complaint in which Rainha and JR are the two named defendants. For amendments that require leave of the court or written consent of the adverse party, Rule 15(a) provides that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Since I have allowed plaintiffs to join JR as a defendant and counts pursuant to LMRA and claims for attachment and injunctive relief against Rainha are still outstanding, I find that it is appropriate to file a new complaint naming Rainha and JR as the two defendants. I instruct the plaintiffs to file the second amended complaint, which they have attached as an exhibit to Docket No. 25, as a separate document with the Clerk.

**ORDER**

For the foregoing reasons, it is ORDERED:

(1) Plaintiffs' Motion for Entry of Default Judgment Against Rainha Construction Co., Inc. (Docket No. 14) is ALLOWED;

(2) The Clerk is instructed to issue the following Judgment:

    For the reasons stated in the Memorandum and Order of this date, it is
ORDERED:
    (i) Judgment for plaintiffs.
    (ii) Plaintiffs are awarded $42,778.19 in damages.
    (iii) Plaintiffs are entitled to post-judgment interest pursuant to 28 U.S.C. § 1961(a),
at the federal judgment rate applicable on the date of final judgment.

(3) Plaintiffs' Motion to Add Defendant (Docket No. 20) is ALLOWED; and

(4) Plaintiffs' Motion for Leave to File a Second Amended Complaint is ALLOWED (Docket No. 25).

                                                  /s/Robert E. Keeton
                                                    Robert E. Keeton
                                       Senior United States District Judge