UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LOUIS G. RASETTA and JOHN J. SHAUGHNESSY, as they are TRUSTEES, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE, PENSION AND ANNUITY FUNDS, and LOUIS G. RASETTA and CHRISTOPHER BARLETTA, as they are TRUSTEES, HOISTING AND PORTABLE ENGINEERS LOCAL 4 APPRENTICE AND TRAINING FUNDS and INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 4, Plaintiffs<br><br>vs.<br><br>RAINHA CONSTRUCTION CO., INC. and JR ENTERPRISES CORP., Defendants | C.A. No. 04-12322 REK |

## SECOND AMENDED COMPLAINT

### NATURE OF ACTION

1.      This is an action brought pursuant to §§502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and 1145 and §301 of the Labor Management Relations Act, 29 U.S.C. §185 by employee benefit plans and a labor union to enforce the obligations to make contributions and pay interest due to such plans due under the terms of a collective bargaining agreement and the plans.

### JURISDICTION

2.      The Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f) of ERISA, 29 U.S.C. §§1132(a), (e) and (f), without respect to the amount in controversy or the citizenship of the parties.

**PARTIES**

3.      Plaintiffs Louis G. Rasetta and John J. Shaughnessy are Trustees of the International Union of Operating Engineers Local 4 Health and Welfare Fund. The International Union of Operating Engineers Local 4 Health and Welfare Fund is an "employee welfare benefit plan" within the meaning of §3(3) of ERISA, 29 U.S.C. §1002(3). The Fund is administered at 16 Trotter Drive, Medway, Massachusetts, within this judicial district.

4.      Plaintiffs Louis G. Rasetta and John J. Shaughnessy are Trustees of the International Union of Operating Engineers Local 4 Pension Fund. The International Union of Operating Engineers Local 4 Pension Fund is an "employee pension benefit plan" within the meaning of §3(2) of ERISA, 29 U.S.C. §1002(2)(A). The Fund is administered at 16 Trotter Drive, Medway, Massachusetts, within this judicial district.

5.      Plaintiffs Louis G. Rasetta and John J. Shaughnessy are Trustees of the International Union of Operating Engineers Local 4 Annuity Fund. The International Union of Operating Engineers Local 4 Annuity Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). The Fund is administered at 16 Trotter Drive, Medway, Massachusetts, within this judicial district.

6.      Plaintiffs Louis G. Rasetta and Christopher Barletta are Trustees of the Hoisting and Portable Engineers Local 4 Apprenticeship and Training Fund. The Hoisting and Portable Engineers Local 4 Apprenticeship and Training Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The Fund is administered at One Engineers Way, Canton, Massachusetts, within this judicial district.

7. The Health and Welfare, Pension, Annuity, Apprenticeship and Training Funds are multi-employer plans within the meaning of §3(37) of ERISA, 29 U.S.C. §1002(37). They are hereinafter collectively referred to as "the Funds."

8. The International Union of Operating Engineers Local 4 is a labor organization within the meaning of §301 of the LMRA, 29 U.S. C. §185. The Union is administered at 53 Trotter Drive, Medway, Massachusetts, within this judicial district.

9. Defendant Rainha Construction Co., Inc. (hereinafter "Rainha") is a Rhode Island corporation with a principal place of business at 10 Nate Whipple Highway, Cumberland, Rhode Island, and is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12).

10. Defendant JR Enterprises Corp. (hereinafter "JR") is a Rhode Island corporation with a principal place of business at 10 Nate Whipple Highway, Cumberland, Rhode Island, and is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12). Upon information or belief, JR is the alter ego or successor of Rainha.

**GENERAL ALLEGATIONS OF FACT**

11. On or about August 29, 2002, defendant Rainha agreed in writing to be bound to the terms of the Restated Agreements and Declarations of Trust establishing Plaintiff Funds, to the terms of collective bargaining agreements requiring contributions to Plaintiff Funds; and to any successor agreements. A copy of Rainha's signed agreement ("short form agreement") is attached hereto as Exhibit A.

12. Because of the short form agreement, Rainha has been a party to successive collective bargaining agreements with the International Union of Operating Engineers Local 4,

3

including the agreement which was effective from June, 1999 through May, 2005 ("the Agreement"). A copy of the relevant portions of this Agreement is attached hereto as Exhibit B.

13. The Agreement requires Rainha to make contributions to Plaintiff Funds for each payroll hour for each person covered by the Agreement.

14. Pursuant to the Agreement, employers are also obligated to deduct and remit a negotiated percentage of the gross wage package, before taxes, for union dues.

15. Rainha was organized as a Rhode Island corporation in November, 2001. Rainha lists its principal place of business as 10 Nate Whipple Highway, Cumberland, Rhode Island. See Rhode Island Corporation Search, available at http://www2.corps.state.ri.us (December 16, 2005), a copy of which is attached hereto as Exhibit C. Upon information and belief, Rainha has ceased operating but has not formally dissolved its status as a Rhode Island corporation.

16. The instant suit against Rainha was filed on or about November 1, 2004.

17. JR filed for incorporation in Rhode Island on November 16, 2004. See Rhode Island Corporation Search, available at http://www2.corps.state.ri.us (December 16, 2005), a copy of which is attached hereto as Exhibit D.

18. JR lists its principal place of business as 10 Nate Whipple Highway, Cumberland, Rhode Island.

**COUNT I - VIOLATION OF ERISA -
DELINQUENT CONTRIBUTIONS**

19. Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-18 supra.

20. On or about September 10, 2004, the Funds audited the payroll records of Rainha and determined that Rainha owes the Funds $46,709.94 in fringe benefit contributions for the period May through August, 2004 for projects conducted at the Center Elementary School in

4

Mattapoisett, Massachusetts, the Dighton-Rehoboth High School in Dighton, Massachusetts, and the New Webster Middle School in Webster, Massachusetts.

21.     Further, the Funds determined that Rainha owes $1,226.59 in interest on the unpaid fringe benefit contributions for the period May through August, 2004.

22.     By letter dated September 17, 2004, the Funds' attorney sought payment of these delinquent contributions and interest. A copy of that letter is attached hereto as Exhibit E.

23.     The Funds' subsequently reviewed pay stubs submitted by employees on these projects for the relevant time period. As a result of this subsequent review, the Funds revised the amount in contributions owed to a new total of $27,677.47.

24.     Upon information and belief, JR operates as an ongoing business and is the alter ego and/or successor of Rainha.

25.     Upon information and belief, Rainha and JR have demonstrated union animus and have been deceitful with regard to the non-payment of contributions. JR was incorporated in Rhode Island on November 16, 2004 – less than six months after the first contributions became delinquent and just two weeks after the Funds filed the instant suit. See Exhibit D. Further, according to the corporate records of the Secretary of the Commonwealth of Massachusetts, Rainha withdrew from its registration as a foreign corporation in Massachusetts on February 4, 2005. See Secretary of Commonwealth Corporation Search, available at http://corp.sec.state.ma.us (December 13, 2005), a copy of which is attached hereto as Exhibit F. All of the jobs for which Rainha owes contributions to the Funds took place within Massachusetts. As such, the circumstances of the formation of JR demonstrate an improper avoidance of Rainha's obligation under the Agreement to pay fringe benefit contributions owed for its Operators.

5

26. The Rhode Island Secretary of State's corporate records list Rainha and JR as each having a business address of 10 Nate Whipple Highway, Cumberland, Rhode Island and a business telephone number of (401) 658-1661. See Exhibits C and D.

27. John Rainha is listed as the president and resident agent of each corporation. Id.

28. The stated business purpose of Rainha is "To engage in general construction and repair, site work, excavation, utility installation." The stated business purpose of JR is "To engage in general construction and repair." Id.

29. Upon information and belief, JR has been maintained in part or in whole as a vehicle to avoid paying contributions rightfully owed to the Plaintiff Funds by Rainha.

30. This has caused an inequitable result for the Funds as, to date, Rainha has failed to pay the Funds the $27,677.47 in contributions due for the period May through August, 2004. Rainha has also failed to pay the interest and penalties owed.

31. As the alter ego or successor of Rainha, JR is bound to the terms of the Restated Agreements and Declarations of Trust establishing Plaintiff Funds, to the terms of collective bargaining agreements requiring contributions to Plaintiff Funds; and to any successor agreements.

32. Moreover, JR is jointly and severally liable for all amounts owed by Rainha under the terms of the Agreement.

33. The failure of the Defendants to make contributions on behalf of all covered employees as required by the terms of the Funds and the collective bargaining agreements violates §515 of ERISA, 29 U.S.C. §1145.

34. Absent an order from this Court, the Defendants will continue to refuse to pay the monies it owes to the Funds, as determined at the audit, and the Funds and their participants will be irreparably damaged.

35. A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C. §1132(h).

## COUNT II - VIOLATION OF LMRA - DELINQUENT CONTRIBUTIONS AND INTEREST

36. Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-35 supra.

37. The failure of Rainha to make contributions on behalf of all covered employees and to pay interest as required by the terms of the collective bargaining agreement violates §301 of the Labor Management Relations Act, 29 U.S.C. §185.

## COUNT III - VIOLATION OF LMRA DUES

38. Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-37 supra.

39. Upon information and belief, Rainha deducted dues from its employees' paychecks and failed to remit them to the Union.

40. The failure of Rainha to remit the dues it deducted from its employees' wages as required by the terms of the collective bargaining agreement violates §301 of the Labor Management Relations Act, 29 U.S.C. §185.

**RELIEF REQUESTED**

WHEREFORE, the Plaintiff Funds request entry of judgment against the Defendants Rainha Construction Co., Inc. and JR Enterprises Corp. jointly and severally in the amount of $27,677.47. Additionally, the Funds request the following relief:

    a.    Order the attachment of the machinery, inventory and accounts receivable of both defendants Rainha and JR;

    b.    Enter a preliminary and permanent injunction enjoining Rainha and JR from refusing or failing to make contributions and pay dues and interest to Plaintiff Funds;

    c.    Enter judgment in favor of the Plaintiff Funds in the amount of $27,677.47 plus any additional amounts determined by the Court to be owed by Rainha and JR or which may become due during the pendency of this action, together with interest on the unpaid contributions at the rate prescribed under §6621 of the Internal Revenue Code, liquidated damages in an amount equal to 20 percent of the total of unpaid contributions or the total interest owed, whichever is greater, reasonable attorneys' fees, and costs, all pursuant to 29 U.S.C. §1132(g)(2); and

    d.    Such further and other relief as this Court deems appropriate.

    Respectfully submitted,

    LOUIS G. RASETTA and JOHN J. SHAUGHNESSY, as they are TRUSTEES, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE FUND, et al,

    By their attorneys,

    /s/ Gregory A. Geiman
    Anne R. Sills, Esquire
    BBO #546576
    Gregory A. Geiman, Esquire

                                                    BBO #655207
                                                    Segal, Roitman & Coleman
                                                    11 Beacon Street
                                                    Suite #500
                                                    Boston, MA  02108
                                                    (617) 742-0208
                                                    ggeiman@segalroitman.com

Dated:  February 10, 2006

GAG/gag&ts
ARS 3118 04-400/complt-amend2.doc