UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LOUIS G. RASETTA and JOHN J. SHAUGHNESSY, )
As they are TRUSTEES, INTERNATIONAL UNION )
OF OPERATING ENGINEERS LOCAL 4 HEALTH )
AND WELFARE, PENSION AND ANNUITY FUNDS, )
and LOUIS G. RASETTA and CHRISTOPHER )
BARLETTA, as they are TRUSTEES, HOISTING AND )
PORTABLE ENGINEERS LOCAL 4 APPRENTICE )
AND TRAINING FUNDS and INTERNATIONAL )
UNION OF OPERATING ENGINEERS, LOCAL 4 )
　　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　)
　　vs.　　　　　　　　　　　　　　　　　　　)   C.A. No. 04-12322 REK
　　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　)
RAINHA CONSTRUCTION CO., INC. and )
JR ENTERPRISES CORP. )

## ANSWER OF JR ENTERPRISES CORP.

1. The averments contained in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, the averments are denied.

2. The averments contained in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, the averments are denied.

3. The Defendant has insufficient information to formulate a response to the allegations that Louis G. Rasetta and John J. Shaughnessy are Trustees of the International Union of Operating Engineers Local 4 Health and Welfare Fund or to the location where the fund is administered, and so leaves the Plaintiffs to their proof. The remaining averments contained in this paragraph constitute legal conclusions to which no response is required; to the extent a response is required, the averments are denied.

4. The Defendant has insufficient information to formulate a response to the allegations that Louis G. Rasetta and John J. Shaughnessy are Trustees of the International Union of Operating Engineers Local 4 Pension Fund or to the location where the fund is administered, and so leaves the Plaintiffs to their proof. The remaining averments contained in this paragraph constitute legal conclusions to which no response is required; to the extent a response is required, the averments are denied.

5. The Defendant has insufficient information to formulate a response to the allegations that Louis G. Rasetta and John J. Shaughnessy are Trustees of the International Union of Operating Engineers Local 4 Annuity Fund or to the location where the fund is administered, and so leaves the Plaintiffs to their proof. The remaining averments contained in this paragraph constitute legal conclusions to which no response is required; to the extent a response is required, the averments are denied.

6. The Defendant has insufficient information to formulate a response to the allegations that Louis G. Rasetta and Christopher Barletta are Trustees of the Hoisting and Portable Engineers Local 4 Apprenticeship and Training Fund, or to the location where the fund is administered, and so leaves the Plaintiffs to their proof. The remaining averments contained in this paragraph constitute legal conclusions to which no response is required; to the extent a response is required, the averments are denied.

7. The averments contained in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, the averments are denied.

8. The Defendant has insufficient information to formulate a response as to whether the International Union of Operating Engineers Local 4 is administered at 53 Trotter Drive,

Medway, Massachusetts. The remaining averments contained in this paragraph constitute legal conclusions to which no response is required; to the extent a response is required, the averments are denied.

9. Admitted that Rainha Construction Corp., Inc. ("Rainha") is a Rhode Island corporation. As to the remaining allegations of this paragraph: denied.

10. Admitted that JR Enterprises Corp., Inc. ("JR") is a Rhode Island corporation. The remaining averments contained in this paragraph are denied.

11. Admitted that Exhibit A purports to be an agreement between Rainha and the International Union of Operating Engineers Local 4 and that the document speaks for itself. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in this paragraph and calls upon Plaintiff to prove same.

12. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in this paragraph and calls upon Plaintiff to prove same.

13. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in this paragraph and calls upon Plaintiff to prove same.

14. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in this paragraph and calls upon Plaintiff to prove same.

15. Admitted that the document attached as Exhibit C lists Rainha's address as 10 Nate Whipple Highway, Cumberland, Rhode Island, and that Rainha has ceased operations. The

remaining averments of this paragraph are neither admitted nor denied and Plaintiff is left to its proof.

16. Admitted that a Complaint naming Rainha as a defendant was filed on or about November 2, 2004.

17. Admitted.

18. Denied.

## COUNT I

19. The Defendant incorporates all previous answers in this pleading as if set forth fully herein.

20. The Defendant has insufficient information to formulate a response to the averments in this paragraph and so leaves the Plaintiff to its proof.

21. The Defendant has insufficient information to formulate a response to the averments in this paragraph and so leaves the Plaintiff to its proof.

22. The Defendant has insufficient information to formulate a response to the averments in this paragraph and so leaves the Plaintiff to its proof.

23. The Defendant has insufficient information to formulate a response to the averments in this paragraph and so leaves the Plaintiff to its proof.

24. Denied.

25. Admitted that JR was incorporated in Rhode Island on November 16, 2004. Admitted that the corporate records of the Secretary of the Commonwealth indicate that Rainha withdrew its registration as a foreign corporation on February 4, 2005. The remaining averments in this paragraph are denied.

26. Admitted.

27. Admitted.

28. Admitted

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. The Defendant has insufficient information to formulate a response to the averments in this paragraph and so leaves the Plaintiff to its proof.

WHEREFORE, Defendant JR Enterprises Corp. requests that the Complaint be denied and dismissed and that it be awarded its costs of defense including reasonable attorneys' fees.

## COUNT II

36. The Defendant incorporates all previous answers in this pleading as if set forth fully herein.

37. The averments contained in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, the averments are denied.

WHEREFORE, Defendant JR Enterprises Corp. requests that the Complaint be denied and dismissed and that it be awarded its costs of defense including reasonable attorneys' fees.

## COUNT III

38. The Defendant incorporates all previous answers in this pleading as if set forth fully herein.

39. Denied.

40. The averments contained in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, the averments are denied.

WHEREFORE, Defendant JR Enterprises Corp. requests that the Complaint be denied and dismissed and that it be awarded its costs of defense including reasonable attorneys' fees.

Defendants hereby give notice of the following affirmative defenses to the Plaintiffs' Complaint:

## FIRST AFFIRMATIVE DEFENSE

Defendant hereby raises the defense of lack of subject matter jurisdiction.

## SECOND AFFIRMATIVE DEFENSE

Defendant hereby raises the defense of failure to state a claim upon which relief may be granted.

## THIRD AFFIRMATIVE DEFENSE

Defendant hereby raises the defense of laches.

## FOURTH AFFIRMATIVE DEFENSE

Defendant hereby raises the defense of estoppel.

## FIFTH AFFIRMATIVE DEFENSE

Defendant hereby raises the defense of waiver.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to exhaust administrative remedies.

## SEVENTH AFFIRMATIVE DEFENSE

The Plaintiffs' damages were caused in whole or in part by third persons for which the Defendant is not responsible or liable.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant hereby raises the defense of lack of personal jurisdiction.

DEFENDANT, JR ENTERPRISES CORP. REQUESTS A TRIAL BY JURY.

Defendant
JR ENTERPRISES CORP.,
By Its Attorneys,

Ratcliffe Burke Harten & Elias LLP

_/s/ J. Richard Ratcliffe_
J. Richard Ratcliffe  #412510
Paul R. Crowell  #658106
1600 Financial Plaza
Providence, RI 02903
Tel: (401)331-3400
Fax: (401)331-3440

## CERTIFICATION

I hereby certify that a true and accurate copy of the within was served via first class mail, postage prepaid, and/or via e-mail on the _7th_ day of April, 2006 to the following counsel of record:

Ann R. Sills, Esq.
Segal, Roitman & Coleman
11 Beacon St., Suite 500
Boston, MA 02108
(ASills@segalroitman.com)

_/s/_